**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| **V.** § | **NO. 4:20-CR-00212** | |
| § | | |
| **MICHAEL ASSAD MARCOS (8)** § | | |
| **Defendant** § | | |

**AGREED MOTION FOR CONTINUANCE**

**TO THE HONORABLE AMOS L. MAZZANT, III, UNITED STATES DISTRICT JUDGE FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION:**

**COMES NOW** Michael Assad Marcos, a Defendant in the above styled case, by and through his attorney of record, J. Craig Jett, and files his agreed motion for continuance of the trial date and pretrial deadlines in this case, and requests that this motion and resulting order be sealed, and in support thereof would show the Court as follows:

**I.**

The Defendant is the eighth of eight defendants in a sealed First Superceding Indictment that contains six counts, although it only charges Mr. Marcos in five. Count 1 charges that the Defendant conspired with several other of the defendants to manufacture and distribute cocaine in violation of 21 U.S.C. § 846. Count 2 alleges that the Defendant conspired with several other defendants to manufacture and distribute cocaine, knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963. Count 3 alleges that the Defendant and several other defendants manufactured and distributed five kilograms or more of cocaine, intending that the

cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.  Count 4 alleges that the Defendant and several other of the defendants conspired to commit money laundering in violation of 18 U.S.C. § 1956(h).  Count 5 alleges that the Defendant and other defendants conspired to commit export violations, in violation of 18 U.S.C. § 371.  At this time the indictment has been unsealed as to Mr. Marcos and as to two other defendants (but not to the public), but has not been unsealed as to the remaining five defendants. The names of the other five defendants were recently revealed to defense counsel by means of this court's Pretrial Order (Doc. 142) and Order Granting Motion Designating Case As Complex (Doc. 143) that were entered on February 2, 2021.  Each count alleges several persons violated the law but does not name anyone except defendants Marcos, Machado and Villaurrutia.  Because the indictment has remained sealed as to five defendants, Defendant Marcos still does not have adequate notice of what in particular he is alleged to have done and with whom he is alleged to have done it.  The Defendant requests that he be provided with an un-redacted copy of the entire indictment, but that this case otherwise continue to be sealed as to the public.

## II.

On September 30, 2020, Defendant's counsel served a letter on the attorneys for the Government, seeking discovery described in 29 paragraphs, requesting production on or before October 15, 2020.  On October 29, 2020, United States Magistrate Judge Nowak entered a scheduling order requiring the Government to serve upon Defendant's counsel discovery listed in 19 paragraphs within five days from the receipt of this order by the Defendant, which was on or before November 3, 2020. On that date, Defendant's counsel received an email from the prosecution stating that they needed a 256 gigabyte flash drive to download the discovery, delivered to their

Plano office.  On November 4, 2020, the defense delivered the 256 gigabyte flash drive to the United States Attorney's Office.  On November 6, 2020, the flash drive was placed in the United States mail by the Government, and received by Defendant's counsel on November 12, 2020.  On about November 23, 2020 defense counsel received another flash drive containing a substantial amount of discovery. While defense counsel has reviewed most of the documents produced (digitally) as of the date of this motion, defense counsel has been provided with little information because half or more of the content, and seemingly more than half of the substantive content, including the names of five recently identified defendants, remain redacted so he cannot become familiar with the alleged facts, who he is alleged to have conspired with, aided and abetted, assisted or cooperated with, so he can effectively investigate and prepare for trial, or determine whether there should be other discovery provided, or what the Defendant needs to further investigate regarding this case.

### III.

The court declared this to be a complex case on February 2, 2021, by granting the government's unopposed motion to declare the case complex. While the indictment alleges conspiracies to deliver and import cocaine into the United States, and money laundering, it also alleges export violations relating to, and by means of jet aircraft.  Even though most counts allege drug offenses, this case is mostly about airplanes. The indictment alleges that there are "Offending Aircraft Transactions" relating to 21 different aircraft in the United States and Mexico.  The indictment also alleges there is a  "Trust Scheme" relating to the sale and purchase of airplanes in the United States and Mexico, and a "Scheme to Conceal Funds" relating to the sale and purchase of airplanes.  Particularly, since the indictment is still substantially redacted, the Defendant cannot determine what his alleged involvement is in the five counts in which he is named and relating to

all of the aircraft described in the indictment. In order to make decisions as to how to proceed in this case, and get ready for trial, if necessary, the defense needs to have a complete understanding of all of the transactions alleged in the indictment and all of the persons alleged to be involved. Without the opportunity to review all the un-redacted discovery, seek further discovery and investigate all of the allegations, the Defendant cannot be ready for trial in time for the expected trial date. In addition, there are ongoing discussions between the Government and the defense that might resolve the charges against the Defendant, but such a resolution cannot occur under the current circumstances until the Defendant, and the prosecution, have had adequate time to review the discovery and learn all of the facts and the law that govern this case. The Court should also note that the date set by the Court in its pretrial order of January 28, 2021, for the filing of any motion to suppress, passed before the court's Pretrial Order was issued and before the Defendant received un-redacted discovery, so that the Defendant had no idea whether there was any evidence that could be suppressed on the date a motion to suppress was to be filed.

### IV.

The Government is in agreement with continuing this case. The Defendant requests a continuance for a period of at least 180 days. This continuance is requested, not for the purposes of delay, but rather to protect the Defendant's rights to effective assistance of counsel, to put on a defense, to due process of law, and to avoid a miscarriage of justice. The interests of the public and the Defendant in a speedy trial are outweighed by the interests of justice in allowing the Defendant sufficient time to prepare his defense. 18 U.S.C. §3161(h)(7)(A) and (B)(i)(ii); Fifth and Sixth Amendments, United States Constitution. In its order designating the case complex this court has found that failure to grant a continuance would deny counsel for the government and the defense the

reasonable time necessary for effective preparation, even with the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv).

   **WHEREFORE, PREMISES CONSIDERED,** the Defendant respectfully requests, and the Government does not oppose this request, that this honorable Court issue an order continuing the current pretrial date and scheduling orders set by the court for at least 180 days.

                Respectfully submitted,

                */s/ J. Craig Jett*
                J. Craig Jett
                State Bar No. 10660750
                900 Jackson Street
                Founders Square, Suite 330
                Dallas, Texas 75202
                Phone: 214-871-4900
                Fax: 214-871-7677
                Email: jcj@bp-g.com
                Attorney for Defendant,
                Michael Assad Marcos

### CERTIFICATE OF CONFERENCE

   This is to certify that prior to the filing of this motion, the undersigned attorney for the Defendant conferred with Assistant United States Attorney Ernest Gonzalez, who represents the Government in this case, about the merits of this motion. Mr. Gonzalez does not object to this motion.

                */s/ J. Craig Jett*
                J. Craig Jett

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing Unopposed Motion For Continuance was served upon the Assistant United States Attorneys Ernest Gonzalez at ernest.gonzalez@usdoj.gov and Colleen Bloss, at colleen.bloss@usdoj.gov, by email, on February 10, 2021.

                                                    */s/ J. Craig Jett*
                                                    J. Craig Jett